Ruth Perit, executrix of Pelatiah Webster *against* Samuel Wallis.

Where goods levied on have not been removed by the sheriff, though they remained unsold above two years the plaintiff does not lose his lien.

A Testatum *fieri facias* issued in this cause, to Northumberland county, returnable to March term 1797, on which the defendants' real personal property was leived. A *venditioni exponas* issued to September term 1797, returned "no buyers;" An *alias venditioni* issued to September term 1798, returned "sale postponed at the plaintiff's risk," and a *pluries venditioni* afterwards issued to last September term.

Moses Levy, esq. obtained a *testatum fi. fa.* to March term last, against the same defendant in the same county, on which part of the same personal property was again levied, and in persuance of a writ of *venditioni exponas* returnable to this term, the same was sold by the sheriff.

Messrs. Ingersoll and Lewis moved, that the money arising on the sales should be paid over to the first execution creditor, the personal property being bound by the delivery of the writ to the sheriff. This case is the same as that decided in Swift *et al. v.* Hartman; and in Cox *v.* M'Dougal, determined last term, the circumstances were stronger, for there the plaintiff requested the sheriff, that the goods and household furniture might remain in the defendant's hands; and yet after a delay of going on exceeding fifteen months, the plaintiff's prior lien was recognized by this court, and the moneys ordered to be paid to him.

Messrs. Dallas and W. Tilghman, *e contra.* The leaving of the goods in hands of the debtor tends to defraud others, and is a circumstance which shall postpone the creditor. 1 Wils. 44. It is within the principle of a bill of sale being deemed fraudulent when the possession of the articles is retained by the vendor. Such possession is presumptive evidence of fraud, and it is incumbent on the first execution creditor who permits it, to remove this legal presumption.

By the court. We must be consistent in our determinations, otherwise the utmost uncertainty would ensue. A sheriff' levying on a debtor's personal estate is an act of notoriety, and is not to be compared to the case of a private bill of sale, which is generally transacted in secret. Our own customs must govern with respect to executions and the effects of a levy on goods not removed. If a sheriff here would insist on removing goods immediately

after they were levied on, though security was offered for their being produced when demanded, it would create a just and general outcry against his cruelty. The cases of Hartman *v.* M'Dougall are precisely in point, and binding on us. Wherefore, let the surplus of the property, after paying the costs of sale, be paid over to the first execution creditor.